**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IVAN LESLIE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:16-cv-610** |
| | § | |
| | § | |
| **NOBLE CORPORATION, and NOBLE** | § | |
| **DRILLING SERVICES, INC.,** | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

To the Honorable United States District Judge:

COMES NOW Ivan Leslie ("Leslie" or "Plaintiff"), and files his Original Complaint, complaining of Noble Corporation and Noble Drilling Services, Inc. (collectively hereinafter referred to as "Defendants") and its successors, for violations of 42 U.S.C. § 1981.

**PARTIES**

1.      Plaintiff, Ivan Leslie, is an African-American male who is an adult resident of Seattle, Washington.  Leslie is a current employee of Defendants.  He has worked for Defendants in various facilities.

2.      Defendant, Noble Corporation, is corporation that is incorporated under the laws of the State of Delaware.  Defendant has its principal place of business in Sugar Land, Fort Bend County, Texas.  Defendant may be served by serving its registered agent, CT Corporation Systems, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.      Defendant, Noble Drilling Services, Inc., is corporation that is incorporated under the laws of the State of Delaware.  Defendant has its principal place of business in Sugar Land,

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                      1

Fort Bend County, Texas.   Defendant may be served by serving its registered agent, CT Corporation Systems, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant.   In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every defendant was acting with the consent, permission, and authorization of each remaining defendant.   All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

## JURISDICTION & VENUE

5.      This jurisdiction of this Court is invoked pursuant to 42 U.S.C 1981.  This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6.      The unlawful employment practices described herein were committed in the Southern District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas.  Venue is invoked pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7.      Mr. Leslie is an African-American male.  He has been employed with Defendants since January 21, 2013 and is currently employed as a motorman.  At all relevant times, Mr. Leslie was an employee of Defendants.

8.      Defendant Noble Corporation is considered a leading offshore drilling contractor for the oil and gas industry.  It operates one of the most modern, versatile and technically advanced fleets in the offshore drilling industry.  Defendant Noble Corporation performs,

through its subsidiaries, contract drilling services with a fleet of 30 offshore drilling units, consisting of 16 semisubmersibles and drillships.

9.      Defendant Noble Drilling Services, Inc. is a subsidiary of Noble Corporation.  It provides drilling equipment and contract drilling services for the oil and gas industry in the United States, primarily in the Gulf of Mexico.

10.      Throughout Mr. Leslie's employment with Defendants, he has been discriminated against on the basis of his race by being subjected to a hostile working environment in the form of racial harassment.  This racial harassment includes, but is not limited to, demeaning and derogatory racial remarks by white employees and overtly racially-motivated verbal abuse of Mr. Leslie by white employees.  There have also been racial displays intended to intimidate and harass Mr. Leslie.  Other forms of racial harassment at Defendants' facilities includes disparate treatment of Mr. Leslie with regard to the terms and conditions of employment, such as: job assignments, general work conditions and requirements, and the application of work rules and regulations.

11.      At all relevant times, Mr. Leslie was subjected to and continues to be subjected to less favorable terms of employment and conditions of employment because of his race.  White employees and counterparts received and continue to receive preferential treatment.  Mr. Leslie was disciplined and reprimanded for alleged violations of company rules and regulations for which white employees who violated similar rules and regulations were not disciplined or reprimanded.  Additionally, Mr. Leslie has been subjected to unwarranted excessive criticisms and unfounded complaints by white supervisors in the performance of his jobs.  In general, Mr. Leslie has been subjected to harsher disciplinary measures than similarly situated white employees.

12.     Mr. Leslie is constantly exposed to various forms of racial harassment and intimidation, including the following: (1) white employees make racially motived jokes and on several occasions have referred to Mr. Leslie as "**nigger"**; (2) on or about April 29, 2014, a hangman noose was prominently displayed, hanging in Mr. Leslie's work area; and (3) white employees commented that black employees should "place nooses around their necks" and "hang" themselves.

13.     Despite Mr. Leslie's various complaints to his white supervisors and managers concerning these unlawful employment practices, no effective action has been taken by Defendants to curtail the racial harassment of Mr. Leslie.  Particularly, when confronted on the incident of the noose and other racial slurs, managers' response was that such behavior or conducts are part of the culture at Defendants' facilities and that Mr. Leslie "must not be from around here."

## COUNT ONE
## 42 U.S.C. § 1981 CLAIM

14.     Mr. Leslie incorporates by reference each and every paragraph of the facts and allegations stated in this Original Complaint as if fully pleaded at length herein.

15.     During Mr. Leslie's employment tenure with Defendants and at all relevant times, he was and continues to be subjected to differential terms and conditions of employment, and racial harassment and intimidation not experienced by similarly situated white employees.

16.     Defendants have engaged in a pattern and practice of discrimination against Mr. Leslie concerning the general terms and conditions of employment on account of his race.  This pattern of discrimination has been adopted, condoned, and approved by Defendants as they have failed to take any reasonable measures to curtail and/or eradicate the unlawful employment practices described in this complaint.

17.     Defendants had actual and constructive knowledge of the unlawful employment practices in the various offshore facilities but have failed to take reasonable steps to inhibit or eliminate the racial harassment and unlawful employment practices referenced in the complaint.

18.     Defendants failed to properly and adequately train their managerial and supervisory employees to prohibit discriminatory employment practices, including discrimination based on race and racial harassment at the various offshore facilities.

19.     Despite Defendants' actual and constructive knowledge racial harassment and discriminatory employment practices, Defendants failed to institute race sensitivity training for their employees.

20.     Instead, Defendants maintain a pattern and practice of fostering and encouraging unlawful employment practices, racial harassment, racial intimidation, and retaliation of Mr. Leslie.

21.     Defendants have failed to take appropriate steps to ensure the effective and consistent implementation of non-discriminatory employment practices.  Defendants have failed to place an emphasis on compliance with federal Equal Employment Opportunity (EEO) requirements.  Moreover, Defendants have failed to enforce their own non-discriminatory policy. Defendants further have failed to adequately train their supervisors and employees on the necessity of maintaining a racially harmonious working environment.  As a result, the current discriminatory practices are continuing and are likely to continue in the future.

22.     Defendants' practices and procedures for handling complaints of racial harassment do not adequately ensure that similar incidents will not occur in the future.  Notably, on several occasions, white employees were witnessed using racial slurs towards Mr. Leslie. However, no disciplinary measures were immediately taken against the culpable white

employees.   Additionally, similar inaction by Defendants occurred when a white employee, Adam Klein, tied and displayed a hangman noose in Mr. Leslie's workstation.  In the event that disciplinary measures were taken, such measures were grossly inadequate, ineffective, and failed to discourage future incidents of racial harassment.

23.    Defendants' discriminatory and unlawful employment practices identified in this complaint have intentional, deliberate, willful, systematic, and conducted in callous disregard of the federally protected rights of black employees granted under 42 U.S.C. § 1981.  The unlawful employment practices complained of by Mr. Leslie have been adopted, condoned, and approved by Defendants.

24.    By reason of Defendants' discriminatory employment practices, Mr. Leslie has suffered and continues to suffer harassment, humiliation, indignation, degradation, fear, intimidation, helplessness, embarrassment, mental anguish and emotional distress.

25.    As a proximate result of Defendants' unlawful employment practices, racial discrimination, racial harassment, and retaliation described in this complaint, Defendants have prevented Mr. Leslie on the basis of race from making employment contracts on the same basis and with the same freedom as is enjoyed by similarly situated white employees.  Defendants, therefore, have violated and continue to violate 42 U.S.C. § 1981, thus entitling Mr. Leslie to monetary and injunctive relief.

## DEMAND FOR JURY TRIAL

26.    Plaintiff hereby requests a jury trial for all claims.

## PRAYER FOR RELIEF

27.    Wherefore, Plaintiff prays that the Court grant him the following relief:

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                            6

A.      Upon a jury trial, for the court to adjudge and declare that the practices of Defendants complained herein and the conduct of Defendants, their management personnel, managers, white supervisors and white employees are in violation of the rights of Mr. Leslie under 42 U.S.C. § 1981;

B.      Judgment be entered with the requirements of federal employment discrimination laws; and future mental anguish, emotional distress, shame, intimidation, humiliation, indignation, embarrassment and fear, and punitive damages, all in amount allowable by law;

C.      Mr. Leslie be granted attorneys' fees, experts' fees, and the cost and expenses of prosecuting this action; and

D.      Mr. Leslie be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

                                    Respectfully submitted,

                                    /s/ Chukwudi Egbuonu*
                                    Chukwudi Egbuonu
                                    State Bar No. 24081838
                                    Federal I.D. No. 2365112
                                    LAW OFFICE OF CHUKWUDI EGBUONU
                                    10333 Harwin Drive, Suite 375D
                                    Houston, Texas 77036
                                    Phone: (713) 635-9488
                                    Fax:    (832) 426-5792
                                    chuck@celawoffice.com

                                    * Attorney in charge for Ivan Leslie